# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JAMES M. STUART, BAR NO. 2315.

No. 71312

**FILED**

FEB 24 2017


ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review under SCR 105(3)(b) of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney James Michael Stuart be suspended from the practice of law in Nevada for one year based on violations of RPC 1.2 (scope of representation), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 1.16 (declining or terminating representation), and RPC 8.1(b) (bar admission and disciplinary matters), and RPC 8.4 (misconduct). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Stuart committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Stuart failed to answer the complaint and a default was

entered.[1] SCR 105(2). The record therefore establishes that Stuart violated the above-referenced rules by failing to adequately communicate with the complaining clients, failing to adequately advise clients in a bankruptcy matter and not appearing at a hearing in that matter, charging and retaining fees without performing the worked he was retained to do, failing to disburse funds held in trust for a client, and failing to timely pay a medical lien from funds held in trust for a client. Although Stuart partially cooperated during the disciplinary investigation, he failed to produce client files and other records as requested by the State Bar and he did not answer the complaint or appear at the formal hearing.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we therefore "must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

---

[1]The record shows that the State Bar sent the complaint, notice of intent to default, notice of formal hearing, and notice of default hearing to Stuart by regular and certified mail. After considering exhibits and hearing assistant bar counsel's description of efforts to contact Stuart, the hearing panel "found that service of process and service of notice of the hearing 'was proper, timely, and even received, by [Stuart].'"

Stuart violated duties owed to his clients (scope of representation, communication, and safekeeping property) and the profession (fees and failing to respond to lawful request for information from a disciplinary authority). The conduct alleged in the complaint appears to have been intentional or negligent. Some of the clients involved were injured as a result, primarily in that they received little or no legal services in exchange for the fees they paid to Stuart and one client did not receive money held in trust that was supposed to be disbursed to her. The hearing panel found the following aggravating circumstances under SCR 102.5(1): prior disciplinary offenses,[2] dishonest or selfish motive, pattern of misconduct, multiple offenses, vulnerability of victim based on financial circumstances and/or limited language skills, substantial experience in the practice of law, and indifference to making restitution. The panel found a single mitigating circumstance under SCR 102.5(2) based on information relayed to the State Bar by a person who claimed to be Stuart's sister: personal or emotional problems of an unknown origin. There is no evidence that Stuart acted with intent to delay the disciplinary proceedings when he failed to cooperate fully during the investigation, and it appears that he may no longer be actively practicing law. Considering all of these factors, we agree that a suspension is warranted, *see* Standards for Imposing Lawyer Sanctions,

---

[2]A letter of private reprimand issued on September 13, 2000, related to facilitating others in the unauthorized practice of law, and a letter of private reprimand issued on September 12, 2013, regarding a returned check ($340) on an overdrawn trust account.

*Compendium of Professional Responsibility Rules and Standards,* Standards 4.42 and 7.2 (Am. Bar. Ass'n 2015); *see also* Annotated Standards for Imposing Lawyer Sanctions 360-61 (Am. Bar. Ass'n 2015), and that the recommended suspension of one year is sufficient to serve the purpose of attorney discipline to protect the public, the courts, and the legal profession, *see State Bar of Nev. v. Claiborne,* 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). We also agree that Stuart should be required to pay restitution to the clients named in counts 1 and 2 in the amounts recommended by the hearing panel, including the settlement proceeds owed to the client named in count 2 if Stuart is unable to provide proof within 30 days from the date of this order that those proceeds previously were disbursed to the client.[3]

Accordingly, we hereby suspend attorney James M. Stuart from the practice of law in Nevada for a period of one year commencing from the date of this order. Stuart shall pay restitution as described above within 30 days from the date of this order. Stuart also shall pay the costs of the disciplinary proceedings, plus fees in the amount of $2,500, *see* SCR

---

[3]We decline to order the restitution recommended with respect to the medical provider identified in count 3 as the complaint represents that Stuart paid the provider after the grievance was filed and that the matter had been resolved, and no contrary evidence was presented at the formal hearing. We also decline to require proof that Stuart has complied with the disgorgement and CLE requirements in the federal bankruptcy judge's sanction order at issue in count 4 as the complaint represents that he had complied with those requirements, and no contrary evidence was presented at the formal hearing.

120(1), as invoiced by the State Bar within 30 days from the date of this order. Payment of the restitution and disciplinary costs/fees shall be a condition precedent to Stuart applying for reinstatement. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Chair, Southern Nevada Disciplinary Board
James M. Stuart
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court